CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

3/26/2018

JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| DIONNE C. SAUNDERS,<br><br>                                                   *Plaintiff*,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                                                   *Defendant*. | CASE NO. 6:16-cv-00068<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on the parties' cross motions for summary judgment (dkts. 15, 16), the Report and Recommendation of United States Magistrate Judge Robert S. Ballou (dkt. 19, hereinafter "R&R"), and Plaintiff's Objections to the R&R (dkt. 20, hereinafter "Objections").[1] Pursuant to Standing Order 2011-17 and 28 U.S.C. § 636(b)(1)(B), the Court referred this matter to U.S. Magistrate Judge Ballou for proposed findings of fact and a recommended disposition. Judge Ballou filed his R&R, advising this Court to deny Plaintiff's motion and grant the Commissioner's motion. Plaintiff timely filed her Objections, obligating the Court to undertake a *de novo* review of those portions of the R&R to which objections were made. *See* 28 U.S.C. § 636(b)(1)(B); *Farmer v. McBride*, 177 F. App'x 327, 330 (4th Cir. 2006). Because the Objections lack merit, the Court will adopt Judge Ballou's R&R in full.

**I. STANDARD OF REVIEW**

A reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42

---

[1] This Court will construe Plaintiff's submission titled "Brief Comp[l]aint" as a motion for summary judgment. (Dkt. 15). Likewise, the Court has liberally construed various arguments raised in Plaintiff's Objections as objections either to the R&R or the ALJ's determination. *See Miller v. Barnhart*, 64 F. App'x 858, 859 (4th Cir. 2003) ("[A]s a pro se litigant, Miller is entitled to a liberal construction of her pleadings.").

1

U.S.C. §§ 405(g), 1383(c)(3); *Bird v. Comm'r of SSA,* 669 F.3d 337, 340 (4th Cir. 2012). Substantial evidence requires more than a mere scintilla, but less than a preponderance, of evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). A finding is supported by substantial evidence if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Where "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Johnson*, 434 F.3d at 653.

A reviewing court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Id*. (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). "Ultimately, it is the duty of the [ALJ] reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, even if the court would have made contrary determinations of fact, it must nonetheless uphold the ALJ's decision, so long as it is supported by substantial evidence. *See Whiten v. Finch*, 437 F.2d 73, 74 (4th Cir. 1971).

## II. ANALYSIS

Because Plaintiff does not object to the R&R's recitation of the factual background and claim history in this case, the Court incorporates that portion of the R&R into this opinion. (*See* R&R at 2–3). By way of summary, Plaintiff applied for (and was denied) supplemental security income under the Social Security Act based on her carcinoid cancer, bipolar disorder, diabetes, diverticulosis, gastroesophageal reflux disease, high blood pressure, anxiety disorder, sleep

apnea, anemia, vision problems, irritable bowel syndrome, acid reflux, migraines, and a cyst on her liver. (R&R at 2 (citing, *e.g.*, R350)).[2] Throughout these proceedings, Plaintiff has also alleged other health and mental problems, including: diabetic peripheral neuropathy, abdominal / genitourinary disorder, chronic pain, coronary artery disease, fibromyalgia, torn rotator cuff, depression, and panic attacks. (Dkt. 20 at 3). The ALJ concluded Plaintiff had "the residual functional capacity to perform light work," and was accordingly not disabled. (R&R at 3; R30 43–44).

Plaintiff's motion for summary judgment argues the ALJ's determination is not supported by substantial evidence. (R&R at 4 ("Stating only that 'Social Security needs to further investigate [her] medical records for mistakes,' [Plaintiff] fails to point to any legal error committed by the ALJ and does not identify specific facts that the ALJ failed to consider or wrongfully rejected. However, I will liberally construe [Plaintiff]'s submission to argue that the ALJ's determination that she is capable of a limited range of light work is not supported by substantial evidence.")). But Plaintiff's objections to the R&R go beyond that more general argument, and so this Court will additionally address those new objections. *See United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992) ("We believe that as part of its obligation to determine *de novo* any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate."); *see also Cruz v. Marshall*, 673 F. App'x 296, 299 (4th Cir. 2016) ("When a party raises new information in objections to an R&R, regardless of whether it is new evidence or a new argument, the district court must do more than simply agree with the magistrate. It must provide independent reasoning tailored to the objection."). Generously construed, Plaintiff also

---

[2] The Court denotes citations to the administrative record as "R" followed by the page number.

objects to the ALJ's determination Plaintiff does not have a medical impairment that meets the severity of the listed impairments, the ALJ's discounting the credibility of her physicians, the ALJ's statements about her job history, the failure of the Social Security Administration to physically examine her, the absence of her attorney during the hearing before the ALJ, and the denial of an opportunity to address the ALJ. (Dkt. 20 at 3). Plaintiff's Objections to the R&R further contains attachments that include portions of the administrative record, Defendant's briefing, and recent medical evaluations. Each of these issues is addressed below.

**A. The ALJ's findings about Plaintiff's job history were supported by substantial evidence**.

In determining whether Plaintiff was disabled, the ALJ was required to work through a five question framework:

> [T]he ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work.

*Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). At step one, the ALJ found Plaintiff had some employment after her application, but not "substantial gainful activity." (R28). This was a ruling in Plaintiff's favor: "If [claimant is] doing substantial gainful activity, [the Commissioner] will find that [she is] not disabled." 20 C.F.R. § 404.1520(a)(4)(i). The ALJ also discussed Plaintiff's job history at step four, when considering her "residual functional capacity and [her] past relevant work." *Id.* at § 404.1520(a)(4)(iv). Here, the ALJ's consideration of her post-application employment was not in Plaintiff's favor: "If [claimant] can still do [her] past relevant work, [the Commissioner] will find that [she is] not disabled." *Id.*; *see also* R31, 43–44.

4

Plaintiff objected to "the statements made that [she] was employed in 2011 and 2012." (Dkt. 20 at 3). The ALJ's decision does not rely on any employment in 2011 and 2012; the ALJ merely found more generally she had several admittedly minor jobs after her application. (R31, 43–44, 341–44). These findings, which were not objected to, were based on Plaintiff's own testimony during the hearing. (R58–60). Accordingly, the ALJ's findings about Plaintiff's employment history were supported by substantial evidence.

**B. The ALJ's finding that Plaintiff's impairments did not meet the severity of the listed impairments was supported by substantial evidence**.

In her Objections, Plaintiff lists various maladies, and then states: "the Listing of Impairments include[s] Neurological Disorders (11.00), Mental Disorders (12.00), Respiratory Disorders (3.00), Cardiovascular System (4.00), Genitourinary Disorders (6.00), Endocrine Disorders (9.00), Digestive System (5.00), and Musculoskeletal System (1.00)." The Court construes this as an objection to the ALJ's finding that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments[.]" (R29).

While this objection arises at step three of the ALJ's five-step inquiry, the scope of the objection is informed by step two. At step two, the ALJ found only some of Plaintiff's impairments were "severe." (*Id.*). More specifically, Plaintiff's severe impairments included: obesity, an abdominal/genitourinary disorder, diabetes mellitus type 2, peripheral neuropathy, migraine headaches, a depressive disorder, and an anxiety-related disorder. (*Id.*). The remainder of Plaintiff's impairments were non-severe because they did not exist for a continuous twelve month period, they were responsive to medication, they did not require significant medical treatment, or they did not lead to any functional limitations. (*Id.*). Plaintiff did not object to this

5

determination, and so the Court adopts Judge Ballou's recommendation that this determination was supported by substantial evidence.

The Court now moves on to the third step in earnest. "Satisfying step 3 warrants an automatic finding of disability." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017). "Under Step 3, the regulation states that a claimant will be found disabled if he or she has an impairment that '[1] meets or equals one of our listings in appendix 1 of this subpart and [2] meets the duration requirement.'" *Radford v. Colvin*, 734 F.3d 288, 293 (4th Cir. 2013) (citing 20 C.F.R. § 404.1520(a)(4)(iii)). But "[i]t is not enough that the impairment have the diagnosis of a listed impairment; it must also have the findings shown in the listing of that impairment." *Green v. Chater*, 64 F.3d 657 at *2 (4th Cir. 1995) (unpublished per curiam opinion) (citing 20 C.F.R. § 404.1525(d)). Put differently, it is insufficient to be diagnosed with something on the list. Instead, each listed impairment requires certain findings be made, and the Plaintiff must carry her burden to present evidence that each of those findings has been made. This is where Plaintiff's objection falls.

Instead of citing to the specific listed impairments she claims to have, Plaintiff cites to whole systems of the body. For example, Plaintiff objects that she has issues with her cardiovascular system (Category 4.00), instead of identifying a specific listed impairment, like chronic heart failure (Listed Impairment 4.02). This is too high a level of generality, and neither Plaintiff's briefing nor her objections ever gets more specific about which of her impairments meets or equals the listed impairments. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("Courts have also held *de novo* review to be unnecessary in analogous situations when a party makes general and conclusory objections that do not direct the court to a *specific error* in the magistrate's proposed findings and recommendations." (emphasis added)); *Nichols v. Colvin*,

100 F. Supp. 3d 487, 498 (E.D. Va. 2015) ("Plaintiff has failed to guide the Court towards *specific issues* needing resolution, instead asking the Court to review the case as a whole. To comply with this request would be to negate the entire purpose of magistrate judge review." (emphasis added)).

Furthermore, even if Plaintiff had identified specific listed impairments, Plaintiff never identifies evidence of the findings required for the listed impairments. Still, the ALJ examined whether Plaintiff's diabetic neuropathy, obesity, diabetes mellitus, and mental disorders met or equaled the findings required for the listed impairments. *See Green*, 64 F.3d 657 at *2 ("The Secretary compares the symptoms, signs, and laboratory findings of the impairment, as shown in the medical evidence, with the medical criteria for the listed impairment."); *see also* 20 C.F.R. § 404.1520(a)(4)(iii); R29–30 (comparing evidence with listings 11.14 (peripheral neuropathy), 11.04B (vascular insult to the brain), 9.00 (diabetes mellitus no longer endocrine disorder by itself), 12.04 (depressive, bipolar, and related disorders), and 12.06 (anxiety and obsessive-compulsive disorders)). The ALJ also considered the combined effect of these impairments. (R29–30). After doing so, the ALJ concluded Plaintiff's impairments did not meet the requirements of the listed impairments because "[n]o treating or examining physician or psychologist has identified medical signs or findings that meet or medically equal the requirements of [a listed impairment]." (R29). The state disability determination service doctors agreed Plaintiff's impairments "did not meet or equal" the listed requirements. (*Id.*; *see also* R150–59, 160–80). The Court has reviewed the record and finds the ALJ's conclusion is supported by substantial evidence. Plaintiff additionally fails to identify the specific findings of listed impairments that she believes she satisfies.

Accordingly, this objection will be overruled.

**C. The ALJ sufficiently explained the weight he attributed to different portions of physicians' testimony**.

Plaintiff "take[s] offense that the Social Security Administration denied the credibility of [her] physicians." (Dkt. 20 at 3). However, the ALJ painstakingly recounted the testimony of Plaintiff's treating physicians, crediting almost all of it. (R31–43). It is true the ALJ did not give much weight to a mental status evaluation completed by Dr. Patton and Dr. Tyler, (R42), or to an undated report of Counselor Nelson, (R43). But the ALJ explained why: These evaluations relied on "uncritical repetition" of what Plaintiff had told them. R42; *see Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) (affirming ALJ's determination to assign less weight to "diagnosis [that] was based largely upon the claimant's self-reported symptoms").

Instead, the ALJ considered other medical records and testimony from treating physicians, *some of which was other testimony from these same medical professionals*, to arrive at its final determination. (R31–43). The ALJ also considered a previous ALJ's determination and the opinions of state disability determination service physicians. R42; *see Monroe v. Colvin*, 826 F.3d 176, 187 (4th Cir. 2016) ("[W]here a final decision of SSA after a hearing on a prior disability claim contains a finding required at a step in the sequential evaluation process for determining disability, SSA must consider such finding as evidence and give it appropriate weight in light of all relevant facts and circumstances when adjudicating a subsequent disability claim involving an unadjudicated period." (quoting 65 FR 1936-01, at 1938 with approval)). The ALJ properly explained he gave these opinions weight because the state physicians demonstrated Plaintiff had not experienced significant changes since the prior ALJ's opinion. (R42).

It is not a district judge's role to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Craig v. Chater*, 76 F.3d 585,

589 (4th Cir. 1996) (citation omitted). The ALJ's determination was supported by substantial evidence and he properly explained the weight he assigned to different parts of the record, *c.f. Monroe*, 826 F.3d at 191, so this objection will be overruled.[3]

**D. The ALJ's determination not to order an examination was not an abuse of discretion.**

Plaintiff "object[s] to the fact that no one from [the Social Security Administration] met with [her] in person to complete a physical examination or for any treatments." (Dkt. 20 at 3). "[T]he regulations state that the ALJ has discretion in deciding whether to order a consultative examination." *Bishop v. Barnhart*, 78 F. App'x 265, 268 (4th Cir. 2003); *see also Kellihan v. Shalala*, 30 F.3d 129 (4th Cir. 1994) (Table). While the ALJ can order physical or mental examinations, 20 C.F.R. § 404.1517, he need not do so when he is able to "get the information [he] need[s] from [claimant's] medical sources[.]" 20 C.F.R. § 404.1519a(a). Physical examinations may be appropriate where there is "an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow [the ALJ] to make a determination[.]" *Id.*

Here, the ALJ's opinion reviewed Plaintiff's extensive medical sources. These sources provided the ALJ with substantial evidence to support his decision. The administrative record did not demonstrate inconsistencies that would mandate further examinations. The ALJ's determination to proceed without ordering further physical examination was not an abuse of his discretion. This objection will be overruled.

**E. Plaintiff was counseled at the hearing before the ALJ and did address the ALJ.**

Somewhat confusingly, Plaintiff objects, "[w]ith regards to the ALJ's consideration, it did not take into account that my attorney was not present and I was not allowed to speak on the

---

[3] All of Plaintiff's specific objections, either to the ALJ or the R&R, are addressed in the preceding three subheadings. The rest of Plaintiff's Objections relies on general disagreements with the course of these proceedings, to which Judge Ballou's well-reasoned R&R ably responds. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

9

matter." (Dkt. 20 at 3). While proceeding *pro se* now, Plaintiff both was counseled and spoke extensively at her hearing before the ALJ. (R52–105 (transcript of the hearing); R52 ("The claimant appeared in person and was represented by Lawrence Wittenberg.")). Accordingly, this objection is overruled.

**F. The ALJ's new medical evidence does not require remand**.

Finally, Plaintiff has submitted new medical evidence. On October 20, 2017, Plaintiff submitted two new medical forms and two letters from the Virginia Employment Commission. Judge Ballou addressed this new evidence in his R&R, but found that "it does not entitle [Plaintiff] to remand under sentence six of § 405(g)." (R&R at 4 n.6). In her Objections, Plaintiff claimed this "new evidence supports my medical history." (Dkt. 20 at 3). Additionally, Plaintiff filed other new medical forms and letters with her Objections. (*Id.* at 9–21). Plaintiff does not explain or address these newly filed forms.

Following *Miller v. Barnhart*, 64 F. App'x 858 (4th Cir. 2003), the Court will construe the attachment of these documents as advancing the argument the Court "should [] remand[] the case to the Commissioner in light of the additional evidence." *Id.* at 859. This Court may remand a case to the Commissioner if:

> (1) the evidence must be relevant to the determination of disability at the time the application(s) was first filed; (2) the evidence must be material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before her; (3) there must be good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant must make at least a general showing of the nature of the new evidence to the reviewing court.

*Id.* at 859–60 (citing *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985), *abrogated by statute on other grounds*).

Plaintiff's objection fails at the first prong. All of the newly filed evidence concerns Plaintiff's condition, at the earliest, on January 9, 2016. (Dkt. 15 at 5). All the records post-date the ALJ's May 5, 2015 decision and so are not relevant. *See* 20 C.F.R. § 404.970(b). Plaintiff additionally has problems with the second prong: The evidence is only material "to the extent that the Secretary's decision 'might reasonably have been different' had the new evidence been before her." *Borders*, 777 F.2d at 955. Plaintiff does not discuss her new evidence at all, but much of it overlaps with evidence considered by the ALJ and comes from medical professionals that have treated Plaintiff for multiple years. The ALJ considered many similar records from these same professionals. Accordingly, because Plaintiff cannot satisfy the first two prongs of the *Borders* test, the new evidence does not require remand, although it was considered by the Court. (*See also* R&R at 4 n.6).[4]

### III. CONCLUSION

After undertaking a *de novo* review of those portions of the R&R to which Plaintiff objected, the Court finds the "ALJ has applied the correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012). Accordingly, the Court will enter an order overruling Plaintiff's Objections (dkt. 20), adopting the Magistrate Judge's R&R in full (dkt. 19), granting the Commissioner's Motion for Summary Judgment (dkt. 16), denying Plaintiff's Motion for Summary Judgment (dkt. 15), and dismissing and striking this action from the active docket of the Court.

---

[4] The Court notes Plaintiff "may be able to file a new claim with a new onset date where such evidence may be relevant. [The Court] express[es] no opinion, however, as to the merits of any such claim." *Miller*, 64 F. App'x at 860.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record, and to United States Magistrate Judge Robert S. Ballou.

Entered this  26th  day of March, 2018.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE